UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-40004-01, -06-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANTS' MOTIONS TO |
| VIENGXAY CHANTHARATH, | ) | SEVER |
| a/k/a "OG," and | ) | |
| PATRICIO GUZMAN-ORTIZ, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, Viengxay Chantharath and Patricio Guzman-Ortiz, separately moved to vacate the court's order granting a continuance and to sever their cases from their codefendants for trial. Dockets 484, 485, 520. The court denied the motions to vacate the order granting a continuance and reserved ruling on the motions to sever. Dockets 493, 494. The government resists both Guzman-Ortiz's and Chantharath's motions to sever. The motions are denied.

**BACKGROUND**

The pertinent facts to this order are as follows: The original indictment in this case, dated January 5, 2010, charged Chantharath and Vang Somsawat with conspiracy to distribute methamphetamine. Docket 1. A second superseding indictment, dated April 7, 2010, added Guzman-Ortiz,

Jeffrey Arthur Kriz, Mario Maldonado, and Aurelio Angel Solorio as codefendants in the same conspiracy. Docket 54.

The third superseding indictment, dated May 4, 2010, added Jason Leach, Daniel Navarrette, and Kevin Boxdorfer as additional codefendants in the conspiracy. Docket 111. The fourth superseding indictment, dated August 3, 2010, added Bruce Ross as a codefendant in the conspiracy. Docket 194.

The fifth superseding indictment, dated March 2, 2011, added Rosendo Garcia-Navarro and one person not yet arrested as codefendants in the conspiracy. Docket 366. The sixth superseding indictment, dated June 7, 2011, added as codefendants in the same conspiracy Felicia Ann Omara, Michelle Cherie Feiss, Rodney James Newcomb, and two persons who have not had their initial appearances in South Dakota. Docket 408. The seventh superseding indictment, dated September 7, 2011, did not charge any new defendants with conspiracy but did contain a forfeiture allegation against Garcia-Navarro. Docket 98.

Many of the codefendants charged in this conspiracy have already pleaded guilty and some have already been sentenced. The remaining codefendants are Chantharath, Guzman-Ortiz, Garcia-Navarro, Newcomb, and the three persons not yet arrested. This case is currently scheduled for a

2

jury trial to begin on Tuesday, October 25, 2011, with codefendants
Chantharath, Guzman-Ortiz, Garcia-Navarro, and Newcomb.

## DISCUSSION

In determining whether a defendant is entitled to a separate trial from
his codefendants, the court must decide (1) whether joinder was proper under
Federal Rule of Criminal Procedure 8, and (2) whether severance is proper
under Rule 14. *See, e.g.*, *United States v. Payton*, 636 F.3d 1027, 1036-37 (8th
Cir. 2011) (analyzing first whether joinder was proper under Rule 8 and then
whether severance was proper under Rule 14); *United States v. Wadena*, 152
F.3d 831, 848 (8th Cir. 1998) (same); *United States v. Andrade*, 788 F.2d 521,
529 (8th Cir. 1986) (same).

Federal Rule of Criminal Procedure 8(b) states that an "indictment . . .
may charge 2 or more defendants if they are alleged to have participated in
the same act or transaction, or in the same series of acts or transactions,
constituting an offense or offenses." The propriety of a Rule 8(b) joinder must
appear on the face of the indictment. *Wadena*, 152 F.3d at 848; *Andrade*, 788
F.2d at 529.

"Generally, the 'same series of acts or transactions' means acts or
transactions that are pursuant to a common plan or a common scheme."
*Wadena*, 152 F.3d at 848 (citing *United States v. Jones*, 880 F.2d 55, 61 (8th
Cir. 1989)). There must "be some common activity involving all the

3

defendants which embraces all the charged offenses, but it is not necessary that each defendant have participated in each act or transaction of the series." *Andrade*, 788 F.2d at 529 (citing *United States v. Wofford*, 562 F.2d 582, 585 (8th Cir. 1977)). The prerequisites for Rule 8(b) joinder are liberally construed. *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) (citing *Jones*, 880 F.2d at 62).

" 'In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.' " *United States v. Donnell*, 596 F.3d 913, 923 (8th Cir. 2010) (quoting *Jones*, 880 F.2d at 63); *see also Andrade*, 788 F.2d at 529 (reasoning that "persons charged with having been involved in a single conspiracy should ordinarily be tried together." (citing *United States v. Rochon*, 575 F.2d 191, 197 (8th Cir. 1978))). Thus, if the indictment charges a conspiracy and alleges the existence of a scheme or links the codefendants together in a common plan, then joinder is usually appropriate. *See, e.g.*, *Donnell*, 596 F.3d at 923 ("Thus, the various defendants, all of whom were alleged to be members of the same overarching conspiracy, were properly joined."); *United States v. Jenkins-Watts*, 574 F.3d 950, 967 (8th Cir. 2009) (finding that joinder of codefendants in a conspiracy was proper even though some of the defendants did not participate in every stage of the conspiracy).

In the seventh superseding indictment, the grand jury charged that the codefendants conspired together to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Docket 498.[1] The single count in the seventh superseding indictment charges that the co-defendants "did knowingly and intentionally combine, conspire, confederate, and agree together" to distribute methamphetamine. Docket 498 at 2. Rule 8(b)'s requirement of the "same series of acts or transactions" is met here because, according to the face of the indictment, each codefendant has been charged with the same, single conspiracy. Thus, joinder is proper under Rule 8(b).

Even if joinder is proper under Rule 8(b), Rule 14 allows the court to sever the joinder if it "appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14(a). " 'Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial.' " *Jenkins-Watts*, 574 F.3d at 967 (citing *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008)).

---

[1] The seventh superseding indictment also contained a forfeiture allegation against Garcia-Navarro for currency and assets seized from a bank account. Docket 498. The forfeiture allegation is not at issue in Guzman-Ortiz's and Chantharath's motions to sever. While Guzman-Ortiz's and Chantharath's motions to sever addressed the sixth superseding indictment, the court will construe their motions to address the seventh superseding indictment, which was filed after Guzman-Ortiz and Chantharath moved to sever, because the conspiracy charge is identical in both indictments.

"A court will permit severance only 'upon a showing of real prejudice to an individual defendant.' " *Payton*, 636 F.3d at 1037 (quoting *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010)); *see also Wadena*, 152 F.3d at 850 (reasoning that the district court retains discretion to determine a motion to sever and is only reversed if the court abuses its discretion and that abuse " 'resulted in severe prejudice.' " (quoting *United States v. Crouch*, 46 F.3d 871, 875 (8th Cir. 1995))). The defendant bears the burden to prove prejudice. *Andrade*, 788 F.2d at 530.

" 'Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial.' " *Wadena*, 152 F.3d at 848 (alteration in original) (quoting *United States v. Koskela*, 86 F.3d 122, 126 (8th Cir. 1996)). One way to satisfy the real prejudice standard is for the defendant to show " 'that his defense is irreconcilable with the defense of his codefendant or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants.' " *Payton*, 636 F.3d at 1037 (quoting *Sandstrom*, 594 F.3d at 644). " 'The defendant carries a heavy burden in making this showing.' " *Id.* (quoting *Sandstrom*, 594 F.3d at 644).

## I.  Guzman-Ortiz

Guzman-Ortiz argues that he has antagonistic and mutually exclusive defenses from those of his codefendants. Docket 486 at 4. "Mutually

6

antagonistic defenses are not prejudicial per se." *Zafiro v. United States*, 506 U.S. 534, 538 (1993) (reasoning that even if prejudice due to antagonistic defenses is shown, Rule 14 does not necessarily require severance). " 'Antagonistic defenses require severance only when there is a danger that the jury will unjustifiably infer *that this conflict alone demonstrates that both are guilty*.' " *Sandstrom*, 594 F.3d at 644 (emphasis in original) (quoting *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)). Guzman-Ortiz does not clarify how his defense would be either antagonistic or mutually exclusive from that of any of his codefendants. A broad claim of antagonistic or mutually exclusive defenses does not create a conflict that alone would demonstrate Guzman-Ortiz and his codefendants are all guilty.

Guzman-Ortiz also contends that severance is necessary because of a spillover of evidence that is unrelated to Guzman-Ortiz, including evidence of "violent gangs, guns, dope for sex, threats to assault or kill people, and other criminal acts which have nothing to do with Patricio." Docket 486 at 5. "Severance, however, is not required merely because the evidence may have been more damaging against one [defendant] than the others, or because evidence established that a conspirator was not involved during the entire duration of the charged conspiracy." *Frazier*, 280 F.3d at 844 (internal quotation omitted). The court can contain spillover evidence by instructing "the jury to view the evidence presented against one defendant as applicable

to only that defendant." *Id.* (citing *United States v. Moore*, 149 F.3d 773, 778 (8th Cir. 1998)); *see also Andrade*, 788 F.2d at 530 (reasoning that if each codefendant's role is distinct and the court provides cautionary instructions on the evidence such that the jury could compartmentalize the evidence against each defendant on each count, then severance is unnecessary (citing *United States v. Robinson*, 774 F.2d 261, 266 (8th Cir. 1985))). Because the severance and joinder rules are "designed to promote economy and efficiency and to avoid a multiplicity of trials . . . only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Clay*, 579 F.3d 919, 927 (8th Cir. 2009) (internal quotations omitted).

Here, all defendants in the seventh superseding indictment have been charged with the same offense, conspiracy to distribute methamphetamine. If the court accepted Guzman-Ortiz's argument, then the court would have multiple trials on the same essential underlying conduct. While some of the evidence admitted during trial may not pertain to Guzman-Ortiz, this is not an "unusual case" for a large drug conspiracy. The court can adequately protect Guzman-Ortiz from any prejudice that the spillover evidence would have on him through cautionary or limiting jury instructions.

Guzman-Ortiz, citing *United States v. Baker*, 98 F.3d 330 (8th Cir. 1996), *United States v. Davidson*, 936 F.2d 856 (6th Cir. 1991), and *United*

8

*States v. Breinig*, 70 F.3d 850 (6th Cir. 1995)*,* argues that "[t]here are cases in which severance has been required because of spillover of evidence." Docket 486 at 5. Due to their factual differences, however, the court finds these cases unpersuasive. *See Davidson*, 936 F.2d at 861 (finding that, in a narcotics conspiracy case, the district court should have severed an unrelated tax charge against one of the codefendants who was tried in absentia because the other codefendant, who was not charged with the tax offense, suffered prejudice from the tax evidence); *Breinig*, 70 F.3d at 852 (reasoning that severance of husband and wife codefendants was required when the wife's defense was diminished capacity and required the introduction of highly prejudicial evidence of the husband's bad character throughout their 24-year marriage); *Baker*, 98 F.3d at 335 (reasoning that severance was required where the defendant was not charged with conspiracy but evidence of a conspiracy between others, in which the defendant played no role, was admitted). As shown by these cases, the court only utilizes the spillover evidence rule in "an exceptional case." *Breinig*, 70 F.3d at 853.

The Eighth Circuit has repeatedly held that spillover evidence in a conspiracy case is not usually grounds to sever codefendants' trials. *See, e.g.*, *Frazier*, 280 F.3d at 843-44 (reasoning that severance was not appropriate in a conspiracy case that had spillover evidence of one defendant who was charged with numerous other offenses than his codefendants); *Adams*, 401

F.3d at 894-95 (reasoning that severance was unwarranted for co-conspirators because any concern about spillover was minimized through the district court's instructions); *Moore*, 149 F.3d at 778 (reasoning that one defendant's "more limited role in the conspiracy and the disparity in the evidence" between two defendants did not warrant severance). Any possible prejudice resulting from a potential spillover of evidence can be controlled through limiting instructions and, thus, severance is inappropriate on this ground.

Guzman-Ortiz, citing *United States v. Douglass*, 780 F.2d 1472, 1478 (9th Cir. 1986), further argues that denying severance would violate his Sixth Amendment right to cross-examine Maldonado, Chantharath, and Feiss, present his individual defense, and properly instruct the jury. He also contends that the combination of these factors would deny him his Fifth Amendment right to due process. After Guzman-Ortiz moved to sever, Maldonado and Feiss pleaded guilty. The court will consider Guzman-Ortiz's arguments regarding Chantharath, however.

In *Douglass*, the Ninth Circuit held that the district court did not abuse its discretion in denying the motion to sever and reasoned that "[i]t is clear that much of the evidence introduced at trial only against Miller did not reflect favorably upon the appellants. Nonetheless, the trial judge carefully and repeatedly cautioned the jury about the limited admissibility of such

10

material." 780 F.2d at 1479. *Douglass* does not stand for the proposition that a joint trial for a drug conspiracy would violate a defendant's Fifth or Sixth Amendment rights.

Guzman-Ortiz has not met his burden to demonstrate that a joint trial would prejudice his right to a fair trial. Thus, Guzman-Ortiz's motion to sever (Docket 485) and his renewed motion to sever (Docket 520) are denied.

## II.   Chantharath's Motion to Sever

Chantharath moves to sever and argues that his defense is irreconcilable with his codefendants' defenses. Chantharath believes that his codefendants "will point to each other as either the sources of the methamphetamine or the leaders of the alleged conspiracy." Docket 484 at 2. Contrastingly, "Chantharath will assert that he had no involvement in the alleged conspiracy." Docket 484 at 2.

Severance on grounds of mutually antagonistic defenses is only appropriate if the jury will unjustifiably infer that the conflict between the defenses demonstrates that the codefendants are guilty. *Zafiro*, 506 U.S. at 538; *Sandstrom*, 594 F.3d at 644. Assuming that Chantharath is correct that his codefendants' defenses will consist of finger-pointing, Chantharath's defense that he had no involvement with the conspiracy is not mutually antagonistic to his codefendants' defenses. Additionally, Chantharath alleges

11

no danger, and the court finds no danger, that the differing defenses will demonstrate that Chantharath and his codefendants are guilty.

Chantharath further contends that the discovery materials from the fifth and sixth superseding indictments "even if taken at its face value, shows no connection between Chantharath and the most-recent co-defendants." Docket 484 at 3. Chantharath argues that the jury will be unable to "compartmentalize the highly prejudicial and inflammatory evidence against the co-defendants and will lump Chantharath together with the other co-defendants, without specific evidence pointing to him." Docket 484 at 3.

Chantharath moved to sever before numerous defendants pleaded guilty. The jury trial scheduled for October 25 is proceeding only with Chantharath, Guzman-Ortiz, Garcia-Navarro, and Newcomb. While Garcia-Navarro and Newcomb were added as codefendants in the fifth and sixth superseding indictments, Guzman-Ortiz was added as a codefendant in the second superseding indictment. Because this case is a conspiracy, not only can the court try all codefendants in one case even if some evidence does not pertain to each codefendant, *see Frazier*, 280 F.3d at 843-44; *Adams*, 401 F.3d at 894-95; *Moore*, 149 F.3d at 778, but a joint trial is preferred in this situation. *See Donnell*, 596 F.3d at 923; *Andrade*, 788 F.2d at 529. The court can protect Chantharath against any potential jury confusion through jury instructions. *See Frazier*, 280 F.3d at 844; *Andrade*, 788 F.2d at 530.

12

Chantharath has not met his burden to prove that the joinder of his trial with that of the other three remaining codefendants would prejudice him. Thus, Chantharath's motion to sever (Docket 484) is denied. Accordingly, it is

ORDERED that defendant Guzman-Ortiz's motion to sever (Docket 485) and his renewed motion to sever (Docket 520) are denied.

IT IS FURTHER ORDERED that defendant Chantharath's motion to sever (Docket 484) is denied.

Dated October 4, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

13