UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-40004-01, -06, |
| | ) | and -11-KES |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VIENGXAY CHANTHARATH, | ) | |
| a/k/a "OG;" | ) | ORDER |
| PATRICIO GUZMAN-ORTIZ; and | ) | |
| ROSENDO GARCIA-NAVARRO, | ) | |
| a/k/a "Truck Driver," | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Viengxay Chantharath and Patricio Guzman-Ortiz separately oppose codefendant Rosendo Garcia-Navarro's and the government's motions for continuances. Dockets 563, 566. In the alternative, Chantharath and Guzman-Ortiz move to sever their trial from the trials of their codefendants to allow them to proceed to trial on October 25, 2011. The government opposes the motions to sever. Garcia-Navarro's motion to continue is granted. Chantharath's and Guzman-Ortiz's motions to sever are granted. The government's motion to continue is denied in part and granted in part.

## BACKGROUND

The pertinent facts to this order are as follows: The original indictment in this case, dated January 5, 2010, charged Chantharath and Vang

Somsawat with conspiracy to distribute methamphetamine. Docket 1. A second superseding indictment, dated April 7, 2010, added as defendants Guzman-Ortiz, Jeffrey Arthur Kriz, Mario Maldonado, and Aurelio Angel Solorio in the same conspiracy. Docket 54.

The third superseding indictment, dated May 4, 2010, added Jason Leach, Daniel Navarrette, and Kevin Boxdorfer as codefendants in the conspiracy. Docket 111. The fourth superseding indictment, dated August 3, 2010, added Bruce Ross as a codefendant in the conspiracy. Docket 194.

The fifth superseding indictment, dated March 2, 2011, added Garcia-Navarro and a person not yet arrested as codefendants in the conspiracy. Docket 366. The sixth superseding indictment, dated June 7, 2011, added Ricardo Ayala Luis, a person not yet arrested, Felicia Ann Omara, Michelle Cherie Feiss, and Rodney James Newcomb as codefendants in the same conspiracy. Docket 408. The seventh superseding indictment, dated September 7, 2011, did not charge any new defendants with conspiracy but did contain a forfeiture allegation against Garcia-Navarro. Docket 498.

Many of the codefendants charged in this conspiracy have already pleaded guilty and some have already been sentenced. The remaining codefendants are Chantharath, Guzman-Ortiz, Garcia-Navarro, Ayala Luis (who is scheduled for an initial appearance on October 25, 2011), and two persons not yet arrested. This case is currently scheduled for a jury trial to

begin on Tuesday, October 25, 2011, with codefendants Chantharath, Guzman-Ortiz, and Garcia-Navarro. Docket 543.

## DISCUSSION

### I. Garcia-Navarro's Motion

Garcia-Navarro moves for a continuance because his retained counsel was appointed on a state court death penalty case. On September 16, 2011, the state court scheduled the death penalty sentencing hearing for October 24, 2011. Docket 561. At that time, this case was scheduled for trial to begin on October 4, 2011. Docket 481. On September 19, 2011, this court continued the October 4, 2011, jury trial to October 25, 2011. Docket 543. Garcia-Navarro moves to continue his trial date to allow his counsel to adequately prepare for both the death penalty sentencing hearing and this trial.

Preparing for a death penalty sentencing hearing consumes significant resources for a defendant's counsel. And Garcia-Navarro has the right to have his counsel fully prepared to defend him at trial. Due to Garcia-Navarro's counsel's other legal obligations, the interests of justice are met in continuing Garcia-Navarro's trial and his motion to continue is granted. But, as stated below, because another continuance will violate Chantharath's and Guzman-Ortiz's Sixth Amendment rights, the court will sever Chantharath and Guzman-Ortiz's trial from that of Garcia-Navarro.

## II.     Government's Motion to Continue

The government moves to continue because one of the defendants, Ayala Luis, is scheduled to make his initial appearance in South Dakota on October 25, 2011, and the government believes that Ayala Luis should be tried in the same trial as the other codefendants. The government further argues that one of its witnesses will be unavailable for the October 25 trial because the witness is also a witness during the death penalty sentencing hearing previously referenced. Chantharath and Guzman-Ortiz respond that their trial should be severed from that of the remaining codefendants.

In determining whether a defendant is entitled to a separate trial from his codefendants, the court must decide: (1) whether joinder was proper under Federal Rule of Criminal Procedure 8, and (2) whether severance is proper under Rule 14. *See, e.g., United States v. Payton*, 636 F.3d 1027, 1036-37 (8th Cir. 2011) (analyzing first whether joinder was proper under Rule 8 and then whether severance was proper under Rule 14). This court has previously held that the codefendants were properly joined under Rule 8. Docket 555.

This court has also previously held that severance was improper under Rule 14 because the codefendants' defenses were not mutually antagonistic, the court could protect the codefendants from any prejudice from spillover evidence, and Chantharath's and Guzman-Ortiz's Speedy Trial Act and Sixth

Amendment rights to a speedy trial were not violated. Dockets 493, 494, 555. Chantharath and Guzman-Ortiz argue that their speedy trial rights will be violated if the court grants the government's current motion to continue.

Courts utilize a four-factor balancing test in analyzing whether a pretrial delay violates the Sixth Amendment: (1) the delay's length; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered any prejudice. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003) (applying the *Barker* test).

### A. Delay's Length

The first *Barker* factor is a " 'double inquiry.' " *United States v. McGhee*, 532 F.3d 733, 739 (8th Cir. 2008) (quoting *United States v. DeGarmo*, 450 F.3d 360, 364 (8th Cir. 2006)). First, the " 'accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay.' " *Id.* (quoting *DeGarmo*, 450 F.3d at 364-65). A delay "approaching" one year may be considered presumptively prejudicial. *Titlbach*, 339 F.3d at 699 (citations omitted).

Chantharath made his initial appearance on January 22, 2010, and Guzman-Ortiz made his initial appearance on April 14, 2010. Chantharath's delay is about 20 months and Guzman-Ortiz's delay is about 18 months. Because the delays are over a year, they are presumptively prejudicial.

Once the defendant makes this initial showing, the court next considers " 'as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.' " *McGhee*, 532 F.3d at 739 (quoting *DeGarmo*, 450 F.3d at 365). The bare minimum for a delay to trigger judicial examination is about 12 months, and the delays here are 20 and 18 months. Delays of eight and six months over the threshold for the presumptively prejudicial time period weigh in favor of granting the motions to sever.

### B. Reasons for the Delay

Under factor two, "in considering a claimed violation of the Sixth Amendment . . . 'the right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' " *Von Feldt v. United States*, 407 F.2d 95, 99 (8th Cir. 1969) (quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905)); *see also Barker*, 407 U.S. at 522 (reiterating that a defendant's speedy trial rights are relative (citing *Beavers*, 198 U.S. at 87)). The court examines "the reasons for the delay and evaluate[s] 'whether the government or the criminal defendant is more to blame.' " *United States v. Erenas-Luna*, 560 F.3d 772, 777 (2009) (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)).

6

This case involves a complex drug conspiracy. The government has continued to add defendants from January of 2010 to June of 2011. Since January of 2010, when Chantharath was indicted, the court has granted various continuances to meet the interests of justice. Both Chantharath and Guzman-Ortiz have moved for continuances. *See* Dockets 103, 136, 351. Beginning in August of 2011, however, Chantharath and Guzman-Ortiz began resisting their codefendants' motions for continuances.

The government moves to continue the October 25, 2011, trial date to allow Ayala Luis to be tried during the same trial as the other codefendants. Ayala Luis was indicted on June 7, 2011, in the Sixth Superseding Indictment, and he has been in custody in Arizona since September 26, 2010, on an unrelated immigration charge. Docket 510 at 1-2. After Ayala Luis's counsel withdrew from his immigration case, his sentencing in that case was continued to October 5, 2011, and the United States Marshals Service canceled their previous transportation plans to bring Ayala Luis to South Dakota by the October 4, 2011, trial date. Docket 510 at 2. Ayala Luis's initial appearance in this case is now scheduled for October 25, 2011. The government and Ayala Luis have only recently begun the discovery process. Docket 567. In the past, other codefendants have moved for continuances to review the voluminous discovery in this case and otherwise requested continuances to prepare this case for trial. Based on the court's past

experience with codefendants in this case, it is doubtful that Ayala Luis will be ready to go to trial within a short period of time.

As further grounds for its continuance, the government also argues that the continuance is proper because one of its witnesses is involved in the state court death penalty sentencing hearing on October 24, 2011. Docket 564. This trial will begin on October 25, the day after the October 24 state court sentencing hearing. The government has not argued that its witness will be unavailable on October 25. Even if the state court sentencing hearing lasts longer than one day, the government has not shown that the witness will be unavailable during the entire duration of this trial.

The court has examined all of the reasons for delay. Much of the delay has occurred because the government has superseded the original indictment seven times and has added additional defendants six times. Two defendants still have not been arrested. When new defendants are arrested, a new trial date is established. Because two codefendants have not been arrested, the trial date for Chantharath and Guzman-Ortiz could be postponed again if either of those two defendants are arrested. While no facts have been presented to the court to suggest that the government is at fault for failing to seek a writ of habeas corpus to secure the presence of Ayala Luis in South Dakota shortly after he was indicted in June of 2011, the government's failure to do so means Ayala Luis will not be ready for the October 25, 2011,

trial. Chantharath and Guzman-Ortiz played *no role* in the delay of transporting Ayala Luis to South Dakota. There is a strong preference to try "persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events" together. *United States v. Donnell*, 596 F.3d 913, 923 (8th Cir. 2010) (quoting *United States v. Jones*, 880 F.2d 55, 63 (8th Cir. 1989)). But the delay here surpasses this preference, especially because the government cannot specify when Ayala Luis will be ready for trial or when the two remaining codefendants will be arrested. After weighing all the reasons for the delay, the court finds that the second factor weighs in favor of severance.

### C. Defendants' Assertion of Their Speedy Trial Rights

Under the third factor, defendants maintain responsibility to assert their speedy trial rights. *Barker*, 407 U.S. at 529. Guzman-Ortiz first asserted his speedy trial rights on August 16, 2011, when he moved to vacate the court's August 5, 2011, order granting a continuance. Guzman-Ortiz again asserted his speedy trial rights on September 12, 2011, when he moved to deny further requests for continuances. On October 11, 2011, in response to Garcia-Navarro's and the government's motions to continue, Guzman-Ortiz again asserted his speedy trial rights.

Chantharath also asserted his speedy trial rights on August 16, 2011, in opposing the court's August 5, 2011, order granting a continuance. Docket

487. Chantharath again asserts his speedy trial rights in the motions at issue here. Docket 563.

Chantharath and Guzman-Ortiz have asserted their speedy trial rights since August of 2011. Thus, the third factor, that Chantharath and Guzman-Ortiz assert their speedy trial rights in a responsible manner, is met.

### D. Prejudice

The fourth factor, prejudice, "should be assessed in the light of the interests of the defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Supreme Court has identified three such interests: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532.

Under the first interest, if a defendant's speedy trial rights are in jeopardy but he is on pretrial release, then a defendant faces a reduced risk of prejudice and a motion to sever is inappropriate. *See, e.g., United States v. Olivares*, No. 10-cr-50118, 2011 WL 2881775, at *3 (D.S.D July 15, 2011) (denying a motion to sever because the defendants were on pretrial release and "[t]his fact substantially lessens the prejudice to them caused by a continuance of their trials."). Here, Chantharath has been in custody since January of 2010 and Guzman-Ortiz has been in custody since April of 2010.

Both defendants have experienced extensive pretrial detention and, thus, the first interest weighs in favor of severance.

Under the second interest, Chantharath and Guzman-Ortiz have been incarcerated for 20 months and 18 months respectively. They have been awaiting trial and, thus, have been uncertain of their futures for a significant amount of time. While the court finds that the second interest weighs in favor of severance, the Eighth Circuit has reasoned that a defendant's anxiety does not alone demonstrate prejudice. *McGhee*, 532 F.3d at 740 (citing *United States v. Shepard*, 462 F.3d 847, 865 (8th Cir. 2006)).

The most serious interest is the third. *Barker*, 407 U.S. at 532. A defendant must show actual or presumed prejudice from the delay before a court grants a motion to sever. *Erenas-Luna*, 560 F.3d at 779. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (reasoning that there are various ways for a district court to determine prejudice). The right to a speedy trial "is as fundamental as any of the rights secured by the Sixth Amendment." *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967). "The history of the right to a speedy trial and its reception in this country clearly establish that it is one of the most basic rights preserved by our

11

Constitution." *Id.* Severance is warranted when a defendant's Sixth Amendment rights will otherwise be violated. *See, e.g.*, *United States v. Stockman*, No. 09-cr-50029, 2010 WL 959928, at *1 (D.S.D. Mar. 12, 2010) (granting a motion to sever when the defendant had been in pretrial custody for eight months and his codefendant was ill).

Chantharath and Guzman-Ortiz have a fundamental Sixth Amendment right to a speedy trial. *Klopfer*, 386 U.S. at 226. Chantharath and Guzman-Ortiz have been waiting for trial for 20 months and 18 months respectively. The delay between their indictments and trial has already surpassed the presumptively prejudicial threshold by eight months for Chantharath and six months for Guzman-Ortiz. Another continuance to allow Ayala Luis to proceed to trial with Chantharath and Guzman-Ortiz would violate Chantharath's and Guzman-Ortiz's Sixth Amendment rights. Thus, the fourth factor weighs in favor of granting severance.

## CONCLUSION

Garcia-Navarro and the government separately move to continue the trial currently scheduled for October 25, 2011. Garcia-Navarro's motion to continue is granted because a continuance in his case will serve the ends of justice. But the government's motion to continue the trial as to Chantharath and Guzman-Ortiz will not serve the ends of justice, and it is denied as to Chantharath and Guzman-Ortiz. The court will sever Chantharath and

Guzman-Ortiz's trial from all remaining codefendants, including Garcia-Navarro and Ayala Luis. Chantharath and Guzman-Ortiz will proceed to trial on October 25, 2011. The court will issue a separate scheduling order for Garcia-Navarro and Ayala Luis. Accordingly, it is

ORDERED that defendant Garcia-Navarro's motion to continue (Docket 561) is granted.

It is FURTHER ORDERED that the government's motion to continue (Docket 564) is denied as to defendants Chantharath and Guzman-Ortiz but granted as to defendants Garcia-Navarro and Ayala Luis.

It is FURTHER ORDERED that defendant Guzman-Ortiz's motion to deny further requests for continuance (Docket 566) is denied.

Dated October 12, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE