UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VIENGXAY CHANTHARATH,<br><br>Defendant. | 4:10-CR-40004-KES<br><br><br>ORDER GRANTING MOTION<br>FOR COMPASSIONATE RELEASE |

Defendant, Viengxay Chantharath, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* Docket 1035; Docket 1039. Plaintiff, the United States of America, does not oppose Chantharath's motion. *See generally* Docket 1040. For the following reasons, Chantharath's motion for compassionate release is granted.

**BACKGROUND**

On October 31, 2011, after a jury trial, Chantharath was found guilty of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 614; Docket 680. On January 30, 2012, the court sentenced Chantharath to life in prison. Docket 680 at 2. Chantharath is currently incarcerated at USP Canaan, a high security penitentiary with an adjacent minimum security satellite camp. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 6, 2025) (enter BOP register number 09163-041); *USP Canaan*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/for/ (last visited June 6, 2025).

## DISCUSSION

Sentences are final judgments, meaning a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The First Step Act (FSA), passed by Congress in 2018, is one small exception to the finality of sentences. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In relevant part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). A reduction in sentence must consider the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect that a defendant may initiate motions for compassionate release which a Court may, in its own discretion, grant or deny. U.S.S.G. § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release. *See id.; 2023 Amendments in Brief*, U.S. Sent'g Comm'n,

https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited May 28, 2025).

## I.    Administrative Exhaustion

Prior to the FSA's passage, only the Bureau of Prisons (BOP) Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Chantharath filed his motion for compassionate release on an emergency basis due to his declining medical condition. *See generally* Docket 1038. He did not file a request with the warden of USP Canaan prior to filing his motion. *See id.* at 5. But 18 U.S.C. § 3582(c)(1)(A)'s procedural requirement as a "mandatory claim-processing rule . . . must [only] be enforced . . . [if] the opposing party properly raises it." Here, given the circumstances, the government has agreed that it will waive the statutory exhaustion requirement. Docket 1040 at 1. Thus, the court will review the merits of Chantharath's motion.

## II.    Extraordinary and Compelling Reasons

Congress directed the Sentencing Commission to describe what "should be considered extraordinary and compelling reasons" for compassionate release

and fashion "the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission policy statement, as amended in November of 2023, responded by identifying six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentences likely to imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

Chantharath cites his current hospitalization in the ICU at Geisinger

Community Medical Center in Scranton, Pennsylvania, where he has been since May 27, 2025, and his suspected liver cancer diagnosis, and poor prognosis as extraordinary and compelling reasons warranting compassionate release. Docket 1039 at 1-3; Docket 1038 at 1-2. Thus, the court will consider Chantharath's requests under the "medical circumstances" category of extraordinary and compelling reasons.[1]

### A.    Medical Circumstances of the Defendant

The guidelines identify four situations in which the medical circumstances of the defendant constitute an extraordinary and compelling reason for early release. The subcategories of medical circumstances are: first, where the defendant has a terminal illness. U.S.S.G. § 1B1.13(b)(1)(A). Second, where the defendant suffers from a serious physical or mental condition that substantially diminishes the defendant's ability to provide self-care within the correctional facility. U.S.S.G. § 1B1.13(b)(1)(B). Third, where the defendant has a condition that requires long-term or specialized care that is not being provided and without which the defendant's health may seriously deteriorate. U.S.S.G. § 1B1.13(b)(1)(C). Fourth, where the defendant is in a correctional facility at imminent risk of a public health emergency or outbreak of infectious

---

[1] In Chantharath's first pending motion for compassionate release, he argues that the "mandatory life sentence he received for a drug offense amounts to an unusually long sentencing and is an extraordinary and compelling reason for a reduction in sentence." Docket 1035 at 1. Chantharath asserts that if he had been sentenced today, his guideline would have "been 262 to 827 months at sentencing and 188 to 285 months today." *Id.* at 19. The United States moved to stay adjudication on Chantharath's motion, stating that pending Supreme Court decisions would impact the court's determination. Docket 1037. But for the reasons stated below, the court need not reach the issues posed in Chantharath's first motion for compassionate release.

disease, the defendant is especially at risk, and that risk cannot be adequately and timely mitigated. U.S.S.G. § 1B1.13(b)(1)(D).

Chantharath asserts that compassionate release is appropriate under the first and second categories. *See* Docket 1039 at 6-7. The government agrees. Docket 1040 at 2.

### 1. Terminal Illness

Terminal illness, or a "serious and advanced illness with an end of life trajectory[,]" is an extraordinary and compelling reason for early release. U.S.S.G. § 1B1.13(b)(1)(A). "Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.*; *see also United States v. Petrossi*, 2024 WL 3070145, at *3 (D. Nev. June 20, 2024) (finding that uncurable myeloid leukemia is terminal within meaning of § 1B1.13(b)(1)(A)); U.S.S.G. § 1B1.13(b)(1)() ("A specific prognosis of life expectancy . . . is not required.").

Chantharath admits that his "medical records do not explicitly indicate if his condition is terminal, but the records state that he has a 'poor prognosis' and that he is unlikely to be downgraded from the ICU." Docket 1039 at 6; Docket 1038 at 1-2. Nonetheless, Chantharath's medical condition is the type of condition that could indicate that he is on an end-of-life trajectory, as is evidenced by the fact that BOP recently called Chantharath's son to tell him that Chantharath would not likely survive long. Docket 1039 at 6-7. Thus, the court finds that his condition is terminal.

### 2. Ability to Provide Self-Care

Under subcategory (B), an extraordinary and compelling reason for

early release exists where due to a serious medical condition, cognitive impairment, or aging, the defendant presents with a substantially diminished ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(b)(1)(B). This court has found that a defendant is able to provide self-care if they can complete the tasks of daily living. *See, e.g.*, *United States v. Ibrahim*, 2024 WL 554548, at *3 (D.S.D. Feb. 12, 2024) ("Where a defendant can complete the tasks of daily living and provide self-care, courts have found that early release is not appropriate."); *United States v. Robertson*, 2025 WL 370618, at *4 (D.S.D. Feb. 3, 2025) (finding same).

Chantharath asserts that his "suspected liver cancer also qualifies as a serious physical or medical condition and as deteriorating physical health because of the aging process that substantially diminishes his ability to provide self-care within the prison environment." Docket 1038 at 7. The court agrees. Chantharath is almost 65 years old and has served over 15 years of his sentence. *Id.*; Docket 1038 at 1-2. He is unlikely to be downgraded from the ICU and cannot breathe without assistance for more than 30 seconds. *Id.*; Docket 1038 at 1-2. Thus, the court finds that his conditions substantially diminish his ability to provide self-care.

Based on the foregoing, the court finds that extraordinary and compelling reasons exist under U.S.S.G. § lB1.13(b).

## III.    Sentencing Factors

The § 3553(a) sentencing factors confirm that compassionate release is warranted. The first factor the court considers is "the nature and

circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In his presentence report, Chantharath was attributed with having distributed sizable amounts of methamphetamine, though he was not the leader of the conspiracy. PSR ¶¶ 42, 50. The circumstances of the offense are that of a sizeable methamphetamine distribution conspiracy, and the court finds they weigh against Chantharath's motion. But the court notes that even at the time of Chantharath's sentencing, the court stated that, absent the mandatory minimum, it would not have imposed a life sentence. Docket 694 at 16-18.

The court also considers the characteristics of the defendant. Chantharath has two prior convictions for narcotics offenses. PSR ¶¶ 58-60, 64. Chantharath's criminal conduct may be influenced by his difficult childhood and history of substance abuse. *See id.* ¶¶ 70-73, 76, 82. While in prison, Chantharath completed the drug education program in 2012 and the nonresidential drug abuse program in 2013. Docket 978-1 at 76-77. He has committed no infractions during his time in custody and therefore has no disciplinary history. Docket 1033 at 4. Chantharath has remained very close with his family while in custody. Docket 1039 at 13; Docket 950-1 at 54-55. Thus, while Chantharath has a substantial criminal history, his good conduct in prison, advanced age and ill health, and plans to reconnect with his family upon release indicate that compassionate release is appropriate. The court finds the characteristics of the defendant support the motion.

The next factor the court considers is the need for the sentence "to reflect

the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). The court finds that because Chantharath has served over 15 years in prison, *see* Docket 1028 at 133, a sentence reduction under the circumstances of his declining health would still reflect the seriousness of the offense, promote respect for the law, and provide justice punishment.

The remaining § 3553(a) factors also support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would still be deterred because Chantharath's punishment would be severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B). Moreover, reducing Chantharath's sentence would still protect the public from further crimes by Chantharath, because Chantharath's declining physical and mental state will make it difficult for him to reoffend or become part of a drug conspiracy again. *See* 18 U.S.C. § 3553(a)(2)(C). The court finds the § 3553(a) factors weigh in Chantharath's favor and confirm that early release from custody is warranted.

## CONCLUSION

Chantharath has satisfied the extraordinary and compelling reason standard. Thus, it is

ORDERED that the defendant's motion for relief under the First Step Act (Docket 1039) is granted. It is

FURTHER ORDERED that the United States's motion for stay (Docket 1037) is denied as moot. It is

FURTHER ORDERED that the defendant's motion for relief under the

First Step Act (Docket 1035) is denied as moot.

Dated June 6, 2025.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE